**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROLANDO CHACON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No.: 17-cv-8434 |
| v. ) ) | **CLASS ACTION COMPLAINT** |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC and COMPLETE RECOVERY FIRST, INCORPORATED d/b/a COMPLETE RECOVERY ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. ) | |

Now comes the Plaintiff, ROLANDO CHACON, by and through his attorneys, and for his class action Complaint against the Defendants, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC and COMPLETE RECOVERY, INCORPORATED d/b/a COMPLETE RECOVERY, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully sending, through its agent(s), sales, solicitation and/or other automated telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the internal do-no-call provisions of 47 C.F.R. 64.1200, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited automated telephone calls to their cellular telephones.

6. Plaintiff and the members of the proposed Class defined below received automated telephone calls to their cellular telephones, which were made without the consent of the recipient of said calls.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendants regularly conduct business throughout the Northern District of Illinois, and Plaintiff resides within the Northern District of Illinois.

## PARTIES

9. Plaintiff is an individual who was at all relevant times residing in the City of Chicago, County of Cook, and State of Illinois.

10. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

11. On information and belief, Defendant COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC ("Comcast") is a limited liability company of the State of Delaware, which is authorized to do business in Illinois, and whose principal place of business is located in Philadelphia, Pennsylvania.

12. On information and belief, Defendant COMPLETE RECOVERY FIRST, INCORPORATED d/b/a COMPLETE RECOVERY ("Complete Recovery") is a corporation of the State of Illinois, whose principal place of business is in Chicago, Illinois.

13. On information and belief, at all times relevant hereto, Defendant Comcast was engaged in the marketing and sale of telephone, internet, television programming, and related services.

14. On information and belief, at all times relevant hereto, Defendant Complete Recovery was engaged in the business of debt collection and other related services on behalf of Defendant Comcast.

15. Defendants are each a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTS COMMON TO ALL COUNTS**

17. On or about February 2, 2017, Plaintiff began receiving telephone calls from Defendants.

18. Defendants told Plaintiff they were looking for someone by the name of Luke Johns or Luke Johnson.

19. Defendants told Plaintiff that this individual needed to return equipment in his possession which was the property of Defendant Comcast.

20. Defendants also referred Plaintiff to the collections department for an unpaid Comcast bill in the name of Luke Johns or Luke Johnson.

21. Plaintiff informed Defendants that they had the wrong telephone number.

22. Plaintiff asked Defendants to no longer call him at his cellular telephone number.

23. Defendants continued to call Plaintiff multiple times, sometimes up to three to four telephone calls a week, looking for the individual named Luke Johns or Luke Johnson.

24. Plaintiff repeatedly asked Defendants that they cease calling him at his cellular telephone number.

25. Despite Plaintiff's repeated unequivocal requests that the illegal telephone calls cease, Defendants continued to call Plaintiff multiple times looking for the individual named Luke Johns or Luke Johnson.

26. On or about March 7, 2017, Plaintiff spoke with a representative of one or both Defendants.

27. Plaintiff again informed this representative that he should not be receiving these telephone calls from Defendants, as they were calling for the wrong person.

28. Defendants admitted to Plaintiff that there was a note on the account that Defendants should not be calling Plaintiff.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows: All persons or entities within the United States who received any automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

30. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class") defined as follows: All persons or entities within the State of Illinois who received any automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

31. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States who received automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

32. Plaintiff represents, and is a member of, the Sub-Class, consisting of all persons in the State of Illinois who received automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

33. Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

35. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P.23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

36. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the

Sub-Class predominate over questions which may affect individual Class or Sub-Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' telephone numbers were called by Defendants using an automated telephone dialing system, on or after the time Defendants received notice from the Class members that they did not wish to receive such calls;

    b. Whether the Sub-Class members' telephone numbers were called by Defendants using an automated telephone dialing system, on or after the time Defendants received notice from the Class members that they did not wish to receive such calls; and

    c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*

37. As a resident of the United States and the State of Illinois who received automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

38. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class or the Sub-Class.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

40. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also

present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

42. Defendants have acted or refused to act in respect generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

43. Defendants failed to comply with the requirements of the TCPA, 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(d) as to the Class and the Sub-Class members with respect to the above-alleged transactions.

44. The TCPA, 47 U.S.C. § 227(b)(1)(B), provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party"

45. 47 C.F.R. 64.1200(b)(3) provides that "[w]hen the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call."

46. In multiple instances, Defendants called the Class and Sub-Class members after the members requested they stop, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

47. The size and definition of the Class and the Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

### COUNT I
### NEGLIGENT VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 47 above as if reiterated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

50. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff, and the Class and the Sub-Class members, are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT

52. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

54. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff, and the Class and the Sub-Class members, are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

   a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

   b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

   c. An order requiring Defendants, at their own cost, to notify all Class and Sub-Class members of the unlawful, unfair, deceptive and unconscionable conduct herein;

  d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

  e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

  f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

  g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

  h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ROMANDO CHACON

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   111 West Jackson Blvd., Suite 1700
   Chicago, IL 60604
   Phone: (312) 212-4355
   Fax: (866) 633-0228
   dlevin@toddflaw.com